**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

              v.                                                        8:07-CR-373
                                                                                 (FJS)

**ROGER ROBARE,**

                            **Defendant.**

_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>445 Broadway<br>Room 218<br>Albany, New York 12207-2924<br>Attorneys for the United States | **ROBERT A. SHARPE, AUSA** |
| **OFFICE OF THE FEDERAL PUBLIC DEFENDER**<br>39 North Pearl Street<br>5th Floor<br>Albany, New York 12207<br>Attorneys for Defendant | **TIMOTHY E. AUSTIN, AFPD** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Defendant is charged in a two-count Indictment with possession of a "sawed-off" shotgun in violation of 26 U.S.C. § 5845(a)(2), 26 U.S.C. § 5861(c), and 26 U.S.C. § 5871 and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Currently before the Court is Defendant's motion to suppress physical evidence that police officers seized from a camper located on his sister Wendy Robare's property on July 20,

2007. At issue is whether Ms. Robare had authority to consent to the police officers' warrantless search of the camper. Defendant contends that Ms. Robare did not have authority to consent and, therefore, the search was illegal. In order to resolve the factual issues surrounding this dispute, the Court conducted a suppression hearing on January 16, 2008, at the conclusion of which the Court reserved decision. The following is the Court's written disposition of Defendant's motion.

## II. DISCUSSION

**A.    The testimony at the suppression hearing**

At the suppression hearing, Ms. Robare and New York State Police Senior Investigator Patrick Mitchell testified about the ownership and use of the camper and the circumstances surrounding Ms. Robare's consent to search the camper. The Court finds both witnesses to be credible and provides a restatement of their relevant testimony.

Ms. Robare originally purchased the camper ten or eleven years ago. About three years ago, Ms. Robare sold the camper to a couple residing in the Plattsburgh area but bought it back from them about a year later. Except for the short period in which the couple owned the camper, Ms. Robare has been the sole owner of the camper since she originally purchased it.[1] On occasion, Ms. Robare has attached the camper to a vehicle for use on family vacations; however, most of the time, the camper has lain in repose on her property in Plattsburgh, New York. Her home is also located on this property.

On July 19, 2007, Defendant, who was then living with his wife in Peru, New York,

---

[1] In addition to Ms. Robare's credible testimony, the Government also submitted a Vehicle Title Record from the Department of Motor Vehicles, printed January 12, 2008, listing Ms. Robare as the current owner of the camper. *See* Government's Exhibit "5."

sought Ms. Robare's permission to stay in her camper for the night because he had had an argument with his wife. Ms. Robare assented to this arrangement.[2] On July 20, 2007, an officer of the New York State Police called Ms. Robare at work and told her that the state police had arrested Defendant on her property. The officer asked for her consent to search the camper in which Defendant had been found at the time of his arrest. The officer also informed her that, if she did not consent to the search, the state police would obtain a search warrant anyway. Ms. Robare gave her consent over the phone and went home to speak to the police. When she arrived at home, she told the police that she owned the camper and again gave the police her consent to search the camper.

**B.    Legality of the search**

Under the Fourth Amendment, it is reasonable for a police officer to execute a search, even absent a warrant, when a person with authority to do so voluntarily consents to the search. *See Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991) (citations omitted). A third party has actual authority to consent to a search if he has "(1) access to the area searched, and (2) either (a) common authority over the area; or (b) a substantial interest in the area; or (c) permission to gain access to the area." *United States v. Snype*, 441 F.3d 119, 136 (2d Cir. 2006) (quotation and internal quotation marks and brackets omitted).

---

[2] Previously, in 2006, when the New York State Department of Corrections released Defendant on parole for an unrelated criminal conviction, he lived in a room in Ms. Robare's house for several months. During that time, he occasionally used the camper but did not stay in the camper overnight.

It is indisputable that Ms. Robare had both physical and legal access to the camper.[3] Furthermore, based upon the uncontradicted testimony, it is clear that Ms. Robare had at least common authority over the camper. Ms. Robare owned the camper as well as the property on which it was stored. Defendant sought Ms. Robare's permission to stay in the camper overnight. Ms. Robare gave her permission with the understanding that Defendant would stay only as long as it took for Defendant and his wife to cool down after their argument. Since Defendant was an overnight guest, Ms. Robare clearly had legal access to the camper. *See Snype*, 441 F.3d at 136 (holding that a third party, "as the lessor and resident of the apartment at issue, had the access and authority necessary to consent to a search of the entire premises[,]" including containers placed there by an overnight guest). She could have entered the camper at any time and was free to ask Defendant to leave for any reason or else eject him as a trespasser. Moreover, the camper rested on Ms. Robare's property in close proximity to her residence. She used the camper periodically on vacations and, therefore, knew how to gain access to the camper. There is no indication that Defendant used a lock to secure the camper or that Ms. Robare did not have a key to the camper nor was there an agreement between Defendant and Ms. Robare that Ms. Robare would stay out of the camper.

---

[3] Courts have found actual authority in circumstances similar to the present case involving both legal and physical access to the area in dispute. In *United States v. Davis*, 967 F.2d 84, 87 (2d Cir. 1992), the court found that a third party had access to a trunk in which he permitted the defendant to store items because (1) he owned the trunk; (2) he was the legal tenant of the room and the apartment in which the trunk was kept; and (3), although he had given the only key to the defendant, the lock could have easily been opened using other small keys. *See id.*; *accord United States v. Yarbrough*, 852 F.2d 1522, 1534 (9th Cir. 1988) (holding that a third party had actual authority to consent to the search of a shack in which he had allowed the defendant to stay as an overnight guest because he owned the shack and surrounding property, he often stayed overnight in the shack with the defendant, and he knew where the key to the shack was hidden).

In light of these facts, the Court finds that Ms. Robare possessed actual authority to consent to the state police's search of her camper.[4]

### III. CONCLUSION

After carefully considering the evidence adduced at the suppression hearing, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to suppress the evidence acquired as a result of the search of the camper is **DENIED**; and the Court further

**ORDERS** that the parties shall file their pretrial submissions on or before **February 8, 2008**; and the Court further

**ORDERS** that the final pretrial conference is scheduled for **February 13, 2008**, at **3:00 p.m. in Syracuse;** and the Court further

**ORDERS** that the trial of this matter will commence on **February 19, 2008**, at **9:30 a.m. in Syracuse, New York.**

**IT IS SO ORDERED.**

Dated: January 29, 2008
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[4] Since the Court finds that Ms. Robare had actual authority, it need not reach the Government's alternative argument that Ms. Robare had apparent authority.