**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

     v.              **8:07-CR-373**
                           **(FJS)**

**ROGER BRUCE ROBARE, JR.,**

     **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James T. Foley U.S. Courthouse<br>445 Broadway<br>Albany, New York 12207-2924<br>Attorneys for the United States | **ROBERT A. SHARPE, AUSA** |
| **OFFICE OF RICHARD L. MOTT**<br>600 Broadway<br>Albany, New York 12207<br>Attorneys for Defendant | **RICHARD L. MOTT, ESQ.** |

**SCULLIN, Senior Judge**

## ORDER

   In a letter dated April 15, 2009, Defendant asked the Court to assign Attorney Cheryl Coleman to represent him. *See* Dkt. No. 118 at 2. In addition, he requested that, if his "newly assigned counsel refuse[d] to raise the constructive amendment of the Indictment in Counts One and Two, and the violation of [his] right to object to the jury instructions and the violation of [his] right to be present for the rendition of the verdict issues," the Court allow him to submit a *pro se* application addressing those issues. *See id.*

   In a letter dated April 22, 2009, the Court responded to Defendant's requests. *See* Dkt.

No. 119. The Court advised Defendant that, "because [he] was represented by counsel, any request to withdraw from the case must come from [his counsel] and not [Defendant]." *See id.* In addition, the Court informed Defendant that it was considering his appeal of Magistrate Judge Homer's decision regarding appointment of counsel. *See id.* The Court also told Defendant that he could request to withdraw his appeal of Magistrate Judge Homer's decision and that, if the Court granted that request, the Court would also decide whether Defendant could "proceed *pro se* or if [he would] receive new counsel and who that counsel [would] be. Otherwise, [Defendant would have to] wait for the Court's decision on [his] appeal." *See id.*

Finally, the Court reminded Defendant that, "because [he was] appealing a decision for new counsel, the Court [could] accept filings from [him] directly related to that appeal; [however,] [b]ecause [Defendant was] otherwise represented by counsel, all other matters that [he] wish[ed] to communicate to the Court must be through [his] counsel." *See id.*

In a letter dated April 23, 2009, Defendant's attorney, Mitch Kessler, requested leave to withdraw as Defendant's counsel. *See* Dkt. No. 120. Magistrate Judge Homer granted that request and appointed Richard Mott as new counsel for Defendant.

In a letter dated April 30, 2009, Defendant submitted a letter to the Court, in which he objected to the Court's April 22, 2009 Order directing him to perfect his appeal of Magistrate Judge Homer's decision denying his request for new counsel *pro se* "on the ground that the Sixth Amendment guarantees the assistance of counsel in *all* criminal prosecutions." *See* Dkt. No. 122 at 1. Defendant then set forth his arguments in support of his appeal from Magistrate Judge Homer's decision. *See id.*

In a letter dated May 3, 2009, Defendant responded to the Court's April 22, 2009 letter.

*See* Dkt. No. 123.  In that letter, Defendant noted that he "remain[ed] adamantly opposed to being represented by Attorney Kessler.  And, [he] hereby respectfully object[ed] to any submissions made by Attorney Kessler in [this] . . . case." *See id.*  In addition, Defendant noted that Attorney "Kessler [had] asked Magistrate Homer for a 'further representation hearing.'" *See id.*  Finally, Defendant stated that, if "this case proceed[ed] to sentencing, [he] intend[ed] to waive [his] right to be present for sentencing . . . [a]nd [that he would] like to do so in a sworn affidavit as soon as possible if that [was] acceptable." *See id.*

Having reviewed all of the above-cited documents, the Court hereby

**ORDERS** that Defendant's appeal from Magistrate Judge Homer's decision denying Defendant's motion for appointment of new counsel is **DENIED AS MOOT** in light of Magistrate Judge Homer's granting of Attorney Kessler's motion to withdraw as counsel and Magistrate Judge Homer's appointment of Attorney Mott as new counsel for Defendant; and the Court further

**ORDERS** that Defendant's new counsel shall file any reply papers in further support of Defendant's post-trial motions, including any new arguments in support of those motions, within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Defendant includes any additional arguments in his reply, which the Government has not already addressed in its opposition to Defendant's post-trial motions, the Government may file a surreply within **fifteen (15) days** of the date on which Defendant files his reply papers; and the Court further

**ORDERS** that Defendant's request to waive his right to be present at sentencing is **DENIED WITH LEAVE TO RENEW**; and the Court further

**ORDERS** that, if Defendant wishes to file any further requests for the Court's review, he must do so **through his attorney**; and the Court further

**ORDERS** that the Clerk of the Court shall mail a copy of this Order to Defendant, in care of Albany County Jail, 840 Albany Shaker Road, Albany, New York 12211.

**IT IS SO ORDERED.**

Dated: May 13, 2009
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge